**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAYMOND VALLEJO,

              Petitioner - Appellant,

v.

M. D. MCDONALD,

              Respondent - Appellee.

No. 13-55689

D.C. No. 2:11-cv-01840-PSG-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 7, 2016[**]
Pasadena, California

Before: FERNANDEZ, RAWLINSON, and BEA, Circuit Judges.

Petitioner-Appellant Raymond Vallejo (Vallejo) appeals the district court's

denial of his habeas petition. Following a jury trial, Vallejo was convicted of first

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

degree murder as an aider and abettor. Vallejo asserts that the prosecution presented insufficient evidence to support a guilty verdict.

The California Supreme Court reasonably determined that a rational jury could conclude, based on the facts of the case, that the murder of Eddie Barba was a reasonably foreseeable consequence of the preceding gang fight. *See People v. Prettyman*, 926 P.2d 1013, 1020 (Cal. 1996) ("An aider and abettor is liable not only for the offense he intended to facilitate . . . , but also of any reasonably foreseeable offense committed by the person he aids and abets. . . ."). A petitioner challenging a conviction for insufficient evidence is entitled to habeas relief only if, when viewing the record in a light most favorable to the prosecution, "no rational trier of fact could have found proof beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

The jury implicitly found that Vallejo should have known that retaliation in the form of a deadly shooting was a reasonably foreseeable consequence of the gang fight. As the California Supreme Court noted, the facts of the case support this finding. The jury heard expert witness testimony that the query, "Where are you from?" is a verbal challenge that indicates the speaker is prepared to commit (potentially lethal) violence to elicit "respect," and that the Lil Watts gang is known as a violent street gang whose members often commit gun-related crimes,

including homicide. Eyewitness accounts established that the fight was not over after the physical altercation ended, but rather escalated to a deadly shooting within a matter of seconds, supporting a finding of one uninterrupted event. Based on the exclamation at the scene requesting that someone "get the heat," the jury could have reasonably found that at least two of the gang members were aware of the existence of a gun prior to the shooting.

Because the California Supreme Court reasonably concluded that sufficient evidence supported Vallejo's conviction, the state court's ruling did not involve an "unreasonable application of *Jackson*" and habeas relief is unavailable. *Creech v. Frauenheim*, 800 F.3d 1005, 1012, 1014 (9th Cir. 2015).

**AFFIRMED.**